# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JUAN BELTRAN,

    Plaintiff,                              CASE NO.:

-VS-

FIRST US CAPITAL, LLC,

    Defendant.

_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, JUAN BELTRAN (hereinafter "Plaintiff" or "Mr. Beltran"), hereby sues Defendant, FIRST US CAPITAL, LLC (hereinafter "Defendant"), and alleges violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"), and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA").

## INTRODUCTION

1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2.    The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the State of Florida to combat a series of abuses in the area of

debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4.      The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.      Mr. Beltran is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

6.      Defendant is debt collector providing debt collection services for credit grantors throughout the State of Florida.  However, Defendant is not a registered debt collector in the State of Florida.

7.      All references to Defendant named herein shall also include Defendant's predecessors.

8.      Defendant obtained and/or purchased an old debt for which Mr. Beltran was allegedly the debtor (the "Alleged Debt").

9.      Defendant began contacting and harassing both Mr. Beltran and his employer in an effort to get Mr. Beltran to pay the Alleged Debt.

2

10. Defendant never sufficiently advised Mr. Beltran what the Alleged Debt was for or why he owed it.

11. All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Violation of the FDCPA)

12. Mr. Beltran realleges paragraphs one (1) through eleven (11) above as if fully set forth herein.

13. This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $5,000 but less than $15,000.00, exclusive of interest, court costs and attorneys' fees.

14. At all times material hereto: (a) Mr. Beltran is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

15. Mr. Beltran is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family or household purposes.

16. Defendant's conduct as set forth herein was intentional and made in furtherance of an attempt to collect upon a consumer debt.

17. Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

18.     Defendant regularly uses instrumentalities of commerce or the mails in its business, the principal purpose of which is the enforcement of security interests throughout Pasco County, Florida.

19.     Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

20.     Beginning in May 2017, Defendant engaged in consumer debt collection activities against Mr. Beltran in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Activity").

21.     Defendant never provided any information to Mr. Beltran about the Alleged Debt, including, but not limited to, when the Alleged Debt was incurred, what the Alleged Debt was for, and who the original creditor was.

22.     The Debt Collection Activity included calling Mr. Beltran repeatedly on numerous occasions.

23.     The Debt Collection Activity included placing multiple harassing phone calls to both Mr. Beltran and his employer.

24.     The Debt Collection Activity included misleading Mr. Beltran into thinking Defendant was an attorney or law firm.

25.     On or about May 23, 2017, Defendant called Mr. Beltran's cell phone number and stated "if you don't pay then we will recommend that our client go through

Hillsborough County and I'm going to recommend that they immediately go for wage garnishment".

26.    On or about May 24, 2017, Defendant called Mr. Beltran's cell phone number and demanded that Mr. Beltran pay the Alleged Debt and threatened him that "at the end of business today, this is going to be signed off on your account [by] our legal processing department if you do not contact our office and rectify this matter voluntarily. You do have to contact our office by 6 pm today".

27.    In or around May 2017, Defendant called Mr. Beltran's cell phone number and stated "I'm calling you based on a claim under your name and social security number … this demands your immediate attention.  Our client has the intent to proceed forward through Hillsborough County should you not respond today".

28.    On or around May 23, 2017, Defendant called Mr. Beltran's employer. Defendant advised Mr. Beltran's employer about the Alleged Debt and that Mr. Beltran was being very uncooperative. Specifically, Defendant demanded that Mr. Beltran's employer provide "the actual process of have an employee sign for legal documentation". Defendant further tarnished Mr. Beltran's character by admonishing him and declaring that "he's been very uncooperative with our firm at this point".

29.    On or about May 31, 2017, at approximately 11:49 a.m., Defendant called Mr. Beltran's cell phone number and threatened legal action.

30.    On or about May 31, 2017, at approximately 4 p.m., Defendant called Mr. Beltran's cell phone number and threatened legal action and to contact Mr. Beltran's employer.  Specifically, Defendant stated "we recommend that our client proceed forward

5

as we have audited the account completely, verified employment, and again our client filed this as a claim with our firm to be audited".

31.   Defendant continued its harassment of Mr. Beltran in an effort to collect on the Alleged Debt without verifying its validity, identifying their "client", and all the while misleading Mr. Beltran into believing Defendant was an attorney and/or law firm.

32.   Defendant's Debt Collection Activity as described herein is a violation of the following provisions: 15 U.S.C. §1692(e)(2)(a), 15 U.S.C. §1692(e)(3), 15 U.S.C. §1692(e)(5), 15 U.S.C. §1692(e)(10), 15 U.S.C. §1692(e)(11), and 15 U.S.C. §1692(e)(13), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
> *(A) the character, amount, or legal status of any debt……*
>
> *(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.*
>
> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
>
> *(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*
>
> *(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is*

*oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*

*(13) The false representation or implication that documents are legal process.*

33.     Defendant's Debt Collection Activity as described herein is a violation of 15 U.S.C. §1692(b)(1), 15 U.S.C. §1692(b)(2), and 15 U.S.C. §1692(b)(1), which state as follows:

*Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—*

*(1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;*

*(2)     not state that such consumer owes any debt;*

*(3)     not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information*

34.     Defendant's Debt Collection Activity as described herein is a violation of 15 U.S.C. §1692(d), which states as follows:

*A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*

35.     Defendant's Debt Collection Activity as described herein is a violation of the following provisions of 15 U.S.C. §1692(g)(a) which provides:

*§1692(g)(a) NOTICE OF DEBT; CONTENTS Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—*

*(1) the amount of the debt;*

*(2) the name of the creditor to whom the debt is owed;*

*(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

*(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

*(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

36.     As a result of the Debt Collection Activity and Defendant's violation of the FDCPA as described herein, Mr. Beltran has been injured.

37.     Mr. Beltran is (a) is entitled to collect its attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, JUAN BELTRAN, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such further relief in law or equity that the Court deems just an appropriate under the circumstances.

8

## COUNT II
### Violation of Florida Statutes, Section 559.72 (FCCPA)

38.     Mr. Beltran realleges paragraphs one (1) through eleven (11) above as if fully set forth herein.

39.     This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), for damages in excess of $5,000.00 but less than $15,000.00, exclusive of interest, court costs and attorneys' fees.

40.     At all times material hereto: (a) Mr. Beltran is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon mortgage is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

41.     Mr. Beltran is a natural person obligated or allegedly obligated to pay monetary debt to Defendant that arose out of a transaction in which the money, property, insurance or service which are the subject of the transaction are primarily for personal, family or household purposes.

42.     Defendant is a debt collector within the meaning of FCCPA.

43.     Defendant's conduct as set forth herein was intentional and made in furtherance of an attempt to collect upon a consumer debt.

44.     Defendant regularly uses instrumentalities of commerce within the State of Florida, the principal purpose of which is the collection of debts, or regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

45.    Defendant regularly uses instrumentalities of commerce or the mails in its business, the principal purpose of which is the enforcement of security interests throughout Pasco County, Florida.

46.    Defendant had actual or constructive knowledge of its conduct in settling and collecting upon consumer debts as alleged herein.

47.    Beginning in May, 2107, Defendant engaged in consumer debt collection activities against Mr. Beltran in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Activity").

48.    Defendant never provided any information to Mr. Beltran about the Alleged Debt, including, but not limited to, when the Alleged Debt was incurred, what the Alleged Debt was for, and who the original creditor was.

49.    The Debt Collection Activity included calling Mr. Beltran repeatedly on numerous occasions.

50.    The Debt Collection Activity included placing multiple harassing phone calls to both Mr. Beltran and his employer.

51.    The Debt Collection Activity included misleading Mr. Beltran into thinking Defendant was an attorney or law firm.

52.    On or about May 23, 2017, Defendant called Mr. Beltran's cell phone number and stated "if you don't pay then we will recommend that our client go through

Hillsborough County and I'm going to recommend that they immediately go for wage garnishment".

53.     On or about May 24, 2017, Defendant called Mr. Beltran's cell phone number and demanded that Mr. Beltran pay the Alleged Debt and threatened him that "at the end of business today, this is going to be signed off on your account [by] our legal processing department if you do not contact our office and rectify this matter voluntarily. You do have to contact our office by 6 pm today".

54.     In or around May 2017, Defendant called Mr. Beltran's cell phone number and stated "I'm calling you based on a claim under your name and social security number … this demands your immediate attention.  Our client has the intent to proceed forward through Hillsborough County should you not respond today".

55.     On or around May 23, 2017, Defendant called Mr. Beltran's employer. Defendant advised Mr. Beltran's employer about the Alleged Debt and that Mr. Beltran was being very uncooperative.     Specifically, Defendant demanded that Mr. Beltran's employer provide "the actual process of have an employee sign for legal documentation". Defendant further tarnished Mr. Beltran's character by admonishing him and declaring that "he's been very uncooperative with our firm at this point".

56.     On or about May 31, 2017, at approximately 11:49 a.m., Defendant called Mr. Beltran's cell phone number and threatened legal action.

57.     On or about May 31, 2017, at approximately 4 p.m., Defendant called Mr. Beltran's cell phone number and threatened legal action and to contact Mr. Beltran's employer.  Specifically, Defendant stated "we recommend that our client proceed forward

11

as we have audited the account completely, verified employment, and again our client filed this as a claim with our firm to be audited".

58.     Defendant continued its harassment of Mr. Beltran in an effort to collect on the Alleged Debt without verifying its validity, identifying their "client", and all the while misleading Mr. Beltran into believing Defendant was an attorney and/or law firm.

59.     Defendant's Debt Collection Activity as described herein is a violation of the following provisions of Florida Statutes, § 559.72:

> *(4)    Communicate or threaten to communicate with a debtor's employer before  in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However, this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.*

> *(5)    Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*

> *(9)    Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

> *(10)   Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.*

> *(11)   Communicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare.*

*(12)   Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.*

60.     Defendant's conduct in settling and collecting on alleged consumer debts as described herein is a violation of Florida Statutes, § 559.72.

61.     As a result of the Debt Collection Activity and Defendant's violation of the FCCPA, Mr. Beltran has been damaged and Defendant is liable to Mr. Beltran for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

62.     Mr. Beltran (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

Wherefore, Plaintiff, JUAN BELTRAN, demands judgment in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

STAMATAKIS + THALJI + BONANNO

By: / s / Sami Thalji
Sami Thalji, Esquire, Trial Counsel
Florida Bar No.:165913
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
Nick Fowler, Esquire
Florida Bar No.: 81856
Robert H. Bonanno, Jr.
Florida Bar No.: 506931
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com