UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN BLETRAN,

   Plaintiff,

                                             CASE NO.: 8:17-CV-01722-VMC-AAS

-VS-

FIRST US CAPITAL, LLC,

   Defendant.

_____/

**PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, JUAN BELTRAN ("Plaintiff"), by and through his undersigned counsel, hereby moves for entry of judgment by default against Defendant, FIRST US CAPITAL, LLC ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Defendant was served with a summons and complaint but failed to file an answer or otherwise defend, resulting in a default, which was entered by the Clerk of the Court on November 2, 2017. Plaintiff now respectfully requests that this Court enter Final Default Judgment. As grounds thereof, Plaintiff states as follows:

   **I.**    **Procedural History**

Plaintiff filed his complaint on July 19, 2017. Plaintiff served Defendant on or about October 2, 2017. Plaintiff filed confirmation of effected service of process on Defendant (Doc. #11). Although Defendant was properly served with a summons and Complaint, it did not obtain counsel, and failed to file a timely answer or other response as directed by

1

the summons and the Federal Rules of Civil Procedure. Accordingly, on November 1, 2017, Plaintiff requested (Doc. #14), and on November 2, 2017, the Clerk of the Court entered (Doc. #15), default against Defendant, pursuant to Federal Rule of Civil Procedure 55(a), for failing to answer, plead, or otherwise defend against the Complaint.

## II. LEGAL ARGUMENT

### 1. Default Judgment Standard Under Fed. R. Civ. P. 55(b)

"Rule 55, Federal Rules of Civil Procedure (Rule(s)), sets forth the requirements for entry of a default judgment." *See United States v. Fleming*, 114 A.F.T.R.2d 2014-5377, 2014 WL 643517, *9 (M.D. Fla. 2014). "A default judgment may be entered 'against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue.'" *Id*. (quoting *Solaroll Shade and Shutter Corp.. Inc. v. Bio-Energy Svs.. Inc.,* 803 F.2d 1130, 1134 (11th Cir.1986)). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians. LLC v. SRG Consulting. Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)).

"Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter a default judgment against a properly served defendant, who, like the Defendant in the instant action, failed to file a timely responsive pleading. By such a default, all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *See Ordonez v. Icon Sky Holdings LLC*, 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman,* 820 F.2d 359,361 (11th Cir.1987)).

If the admitted facts in the Complaint establish liability, then the Court must next determine appropriate damages. *See id.* "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *See id.* (*citing SEC v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone ... We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)). "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States v. Fleming,* 114 A.F.T.R.2d 2014-5377, 2014 WL 3643517, *9 (M.D. Fla. 2014) (quoting *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979) and citing *SEC v. Smyth*. 420 F.3d 1225, 1231-32 (11th Cir.2005)). "[w]here the essential evidence regarding damages is before the Court, such a hearing may be unnecessary." *Id.* (citing *Smyth,* 420 F.3d at 1232, n. 13); *see also Broad. Music. Inc. v. PRB Productions. Inc.,* 6:13-CV-1917-ORL-31, 2014 WL 3887509, *2 (M.D. Fla. 2014).

Plaintiff's well-pled allegations conclusively establish the liability of Defendant under the FCCPA and FDCPA. In addition, all essential evidence regarding monetary relief is already part of the record, obviating the need for an evidentiary hearing.

### 2. Plaintiff Is Entitled To Default Judgment With Respect To His FDCPA Claims

**A. Liability**

To state a claim under the FDCPA, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a

3

debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d. 1361, 1366 (M.D. Fla. 2003) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)).

First, in this case, Plaintiff has been the subject of collection activity arising from a consumer debt. Although the FDCPA does not provide a clear definition of what constitutes debt collection activity, courts, in attempting to effect the purpose of the FDCPA, are lenient with its application." *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) (citing *Heintz v. Jenkins*, 514 U.S. 291, 293-96 (1995)). The Complaint alleges that Defendant placed numerous calls to Plaintiff's cell phone to collect an outstanding debt, (Doc. # 1 at ¶¶ 14, 20, 22, 24-30). These telephone calls constitute collection activity.

The debt collection activity was intended to collect a consumer debt. Pursuant to 15 U.S.C. § 1692a(5), a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family or household purposes." The Complaint asserts that Defendant called Plaintiff to collect an outstanding debt, (Doc. # 1 at ¶ 14), and that this alleged debt was for "personal, family, or household purposes." (Doc. # 1 at ¶ 15). Thus, the well-pled allegations in the Complaint demonstrate that the alleged debt constituted a consumer debt.

Second, Defendant is a debt collector. As set forth in the Complaint, Defendant is a 'debt collector' within the meaning of the FDCPA (Doc. # 1 at ¶¶ 14, 17, 18). Thus,

4

Plaintiff has established that Defendant is a debt collector, and thus, satisfied the second element of the FDCPA claim.

Third, Plaintiff has demonstrated that Defendant violated numerous provisions of the FDCPA, including, 15 U.S.C. §1692(e)(2)(a), 15 U.S.C. §1692(e)(3), 15 U.S.C. §1692(e)(5), 15 U.S.C. §1692(e)(10), 15 U.S.C. §1692(e)(11), 15 U.S.C. §1692(e)(13), 15 U.S.C. §1692(b)(1), 15 U.S.C. §1692(b)(2), 15 U.S.C. §1692(b)(1), and 15 U.S.C. §1692(d)[1]. The Complaint alleges that Defendant violated the foregoing sections by

---

[1] The violated provisions provide in pertinent part:

*§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
*(2) The false representation of—*
  *(A) the character, amount, or legal status of any debt……*
*(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.*
*(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*
*(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*
*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*
*(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.*
*(13) The false representation or implication that documents are legal process.*

*§1692(b) Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—*

*(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;*
*(2) not state that such consumer owes any debt;*

5

repeatedly placing multiple harassing phone calls to both Plaintiff and his employer. (Doc. # 1 at ¶ 23). Indeed, Defendant called Plaintiff's employer and tarnished his character. (Doc. # 1 at ¶ 28). Defendant also unlawfully impersonated a law firm and failed and refused to disclose when the alleged Debt was incurred and who the original creditor was. (Doc. # 1 at ¶¶ 24-30). Defendant's violations are further set forth and verified in the Affidavit of Juan Beltran in Support of Plaintiff's Motion for Default Judgment (Mr. Beltran's Affidavit") which is attached hereto as Exhibit "A."

Accordingly, the allegations in the Complaint demonstrate the elements necessary to prove a FDCPA claim, and Plaintiff is entitled to a final default judgment against Defendant on his FDCPA claim.

### B. Damages

Plaintiff is entitled to statutory damages pursuant to the FDCPA. Regarding damages, 15 U.S.C. § 1692k provides:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of such failure;
(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00 . . .
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court . . . .

---

*(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.*

*§1692(d) A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.*

6

(b) Factors considered by court In determining the amount of liability in any action under subsection (a) of the section, the court shall consider, among other relevant factors— (1) In any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional . . . .

The Complaint and Mr. Beltran's Affidavit demonstrate that Defendant (1) misled Plaintiff into believing Defendant was an attorney; (2) contacted Plaintiff's employer and tarnished his reputation; (3) failed and refused to provide any details about the alleged debt, including when the debt was incurred and the identity of the original creditor; and (4) failed and refused to verify the validity of the debt. (Doc. # 1 at ¶¶ 24-30). Consequently, Plaintiff requests an award of statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000 for Defendant's violations of the FDCPA.

### 3. Plaintiffs Is Entitled To Default Judgment With Respect To The FCCPA Claims

### A. Liability

Count II of the Complaint alleges that Defendant Defendant's debt collection activity violated Florida Statutes, §559.72(4), (5), (9), (10), and (12) which make it unlawful to:

> *(4) Communicate or threaten to communicate with a debtor's employer before in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. However, this does not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.*
> *(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*

> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*
> *(10) Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.*
> *(12) Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.*

The Complaint and Mr. Beltran's Affidavit demonstrate that Defendant (1) misled Plaintiff into believing Defendant was an attorney; (2) contacted Plaintiff's employer and tarnished his reputations; (3) failed and refused to provide any details about the alleged debt, including when the debt was incurred and the identity of the original creditor; and (4) failed and refused to verify the validity of the debt. (Doc. # 1 at ¶¶ 48-58).  Thus, Plaintiff has established that Defendant violated sections 559.72(4), (5), (9), (10), and (12) of the FCCPA.

**B. Damages**

Plaintiff is entitled to statutory damages pursuant to the FCCPA.  Regarding damages, Section 559.77(2) states in pertinent part:

> Any person who fails to comply with any provision of [Fla. Stat. § 559.72] is liable for actual damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with [Fla. Stat. § 559.72], the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional . . .

Defendant is entitled to an award of $1,000.00 in statutory damages under section 559.77(2) for Defendant's violation of the FCCPA.

### 4. Plaintiff Is Entitled To An Award Of His Reasonable Attorneys' Fees and Costs

Plaintiff is entitled to an award of his costs and attorney's fees pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2). Plaintiff's counsel has incurred $3,780.00 in reasonable attorney's fees to date. Specifically, Plaintiff seeks attorney's fees for: attorney Sami Thalji for 10.70 hours at the rate of $350.00 per hour. Furthermore, Plaintiff has incurred costs in the amount of $804.90 for filing and service fees. Thus the total requested award for attorney's fees and costs is $4,584.90.

Courts are afforded broad discretion in addressing attorney's fees issues. *See Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) ("[u]ltimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations." (internal citation omitted)). The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. *Webb v. Bd. of Educ. of Dyer Cty.*, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. *Hensley v. Eckerhart*, 461 U.S. 424, 4 33 (1983). Further, the fee applicant must support the number of hours worked. *Id*.

Plaintiff's counsel has provided a declaration of attorney's fees and costs for this Court's review and attests that the fees are reasonable based on his experience. A true and correct copy of the declaration is attached hereto as Exhibit "B" and its contents are incorporated by reference herein.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court grant its motion and enter final default judgment against Defendant. In addition, because "all essential evidence is on record" already, *see supra, Ordonez,* 2011 WL 3843890, at *5 (*citing SEC v. Smyth,* 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005)), Plaintiff respectfully requests that the Court waive oral argument on the amount of monetary relief, and award statutory damages in the amount of $2,000.00 pursuant to the FDCPA and FCCPA, plus attorney fees and costs in the amount of $4,584.90, for a total award of $6,584.90.

> Respectfully submitted,
>
> STAMATAKIS + THALJI + BONANNO
>
> By: <u>/ s / Sami Thalji</u>
> Sami Thalji, Esquire, Trial Counsel
> Florida Bar No.:165913
> Scott D. Stamatakis, Esquire
> Florida Bar No.:178454
> Nick Fowler, Esquire
> Florida Bar No.:81856
> Melissa Thalji, Esquire
> Florida Bar No.:174467
> 8751 N. Himes Ave
> Tampa, Florida 33614
> (813) 282-9330 (telephone)
> (813) 282-8648 (facsimile)
> Notice of Primary Email: Service@MyInjury.com
> Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and that a copy hereof will be

electronically served by the electronic filing system upon all counsel of record, on this 21st day of November, 2017.

By: / s / Sami Thalji
Sami Thalji, Esquire