UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN BELTRAN,

    Plaintiff,

v.     Case No. 8:17-cv-1722-T-33AAS

FIRST US CAPITAL, LLC,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Juan Beltran's Motion for Final Default Judgment (Doc. # 19), which was filed on November 21, 2017. In the Motion, Beltran requests a default final judgment against Defendant First US Capital, LLC in the amount of $6,584.90, comprised of $2,000.00 in statutory damages, $3,780.00 in attorney's fees, and $804.90 in costs. For the reasons that follow, the Court grants the Motion to the extent it directs the Clerk to enter Judgment in the amount of **$6,305.50.**

**I.**    **Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). <u>DirecTV, Inc. v. Griffin</u>, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. <u>See Tyco Fire & Sec. LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007) (citing <u>Nishimatsu Constr. Co. v. Hous. Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. <u>Id.</u> A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. <u>Id.</u>

**II. <u>Analysis</u>**

Beltran initiated this action on July 19, 2017, by filing a two count Complaint against First US Capital, LLC. (Doc. # 1). In Count One, Beltran alleges that First US Capital, LLC violated the Fair Debt Collection Practices Act and in Count Two, Beltran alleges that First US Capital, LLC violated the Florida Consumer Collection Practices Act. Among other detailed allegations, Beltran claims that First US Capital,

2

LLC:

> never provided any information to Mr. Beltran about the Alleged Debt, including but not limited to, when the Alleged Debt was incurred, what the Alleged Debt was for, and who the original creditor was . . . call[ed] Mr. Beltran repeatedly on numerous occasions . . . plac[ed] multiple harassing phone calls to both Mr. Beltran and his employer . . . [and mislead] Mr. Beltran into thinking Defendant was an attorney or law firm.

(Doc. # 1 at ¶¶ 21-24).

First US Capital, LLC did not respond to the Complaint, and on November 1, 2017, Beltran sought entry of a Clerk's Default against First US Capital, LLC. (Doc. # 14). On November 2, 2017, the Clerk entered a Default against First US Capital, LLC. (Doc. # 15). As explained below, and based upon the Clerk's Default and the well-pled factual allegations contained in the Complaint, the Beltran has established that First US Capital, LLC violated the FDCPA and the FCCPA.

**A.  Statutory Damages**

To state a claim under the FDCPA, a plaintiff must establish that (1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector, and (3) the defendant engaged in an act or omission prohibited by the FDCPA. <u>Fuller v. Becker & Poliakoff, P.A.</u>, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002). The Complaint alleges that the debt is consumer debt and

3

concerns a transaction "primarily for personal, family or household purposes." (Doc. # 1 at ¶¶ 14-15). Beltran also alleges that First US Capital, LLC is a debt collector. (<u>Id.</u> at ¶¶ 6, 14, 17, 18). The Complaint's allegations also demonstrate that First US Capital, LLC violated several provisions of the FDCPA, including 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(11), 15 U.S.C. § 1692e(13), 15 U.S.C. § 1692b(1), 15 U.S.C. § 1692b(2), and 15 U.S.C. § 1692d. Beltran is entitled to $1,000.00 in statutory damages for violation of the FDCPA.

Beltran likewise demonstrates that First US Capital, LLC violated five provisions of the FCCPA: § 559.72(4), (5), (9), (10), and (12), which make it unlawful to:

> (4) Communicate or threaten to communicate with a debtor's employer before obtaining a final judgment against the debtor . . . .
> (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.
> (9) Claim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.
> (10) Use a communication that simulates in any manner legal or judicial process or other gives the

4

appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.
(12) Orally communicate with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney.

Beltran is entitled to $1,000.00 in statutory damages for First US Capital, LLC's conduct in violation of the FCCPA.

### B. Attorney's Fees and Costs

Beltran is entitled to an award of his costs and attorney's fees under 15 U.S.C. § 1692k and Florida Statute § 559.77(2). Beltran was represented by Sami Thalji, Esq., an attorney who expended 10.70 hours at $350.00 per hour, arriving at the fee of $3,745.00. The Court notes that counsel requests $3,780.00, however, the records supplied by counsel contain a slight mathematical error.

Counsel requests costs in the amount of $804.90. However, some costs, such as miscellaneous "client expenses" are not properly documented and are not permitted. The Court determines that it is appropriate to award the $400.00 filing fee and the $160.00 fee for service of process. The Court accordingly awards $560.50 in costs. The Court is afforded broad discretion in addressing attorney's fees and costs issues. <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001). Here, the Court finds that $3,745.00 in

attorney's fees and $560.50 in costs are reasonable and the Court approves the same.  The Court further determines that a hearing on this matter is not needed because the amounts due are capable of accurate and ready mathematical computation or ascertainment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Final Default Judgment (Doc. # 19) is **GRANTED**.

(2) The Clerk is directed to enter Default Judgment in favor of the Plaintiff Juan Beltran and against the Defendant First US Capital, LLC in the amount of **$6,305.50** (consisting of $2,000.00 in statutory damages, $3,745.00 in attorney's fees, and $560.50 in costs).

(3) After entry of Judgment, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of November, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE